**UNITED STATES of America, Appellee,**

v.

**Carl FARNSWORTH, Appellant.**

No. 83–1671.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1983.

Decided March 14, 1984.

Bruce W. Simon, Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Thomas M. Larson, First Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

The issue in this appeal is whether the district court[1] abused its discretion or violated the defendant's constitutional right to confrontation by allowing the defendant's parole officers to identify him in surveillance photographs of a robbery. The district court had directed government counsel to instruct the parole officers not to indicate in any way that the defendant had a prior record. We affirm.

On December 10, 1982, two men entered the United Missouri Bank of Hickman Mills in Kansas City, Missouri, and robbed the tellers at gunpoint of over $14,600. One of the robbers wore a security guard uniform. The lower part of his face was covered with a scarf. The other man wore a ski mask. A surveillance camera mounted

1. The Honorable Elmo B. Hunter, Senior United States District Court Judge for the Western District of Missouri.

above the entrance to the bank photographed the robbery in progress.

Three bank employees identified Carl Farnsworth from a photo spread they viewed after the robbery as the robber who wore the security guard uniform. Two of these employees subsequently picked Farnsworth out of a lineup. All three identified Farnsworth in the courtroom. The government also introduced circumstantial evidence of the robber's identity. When Farnsworth was arrested, he was wearing shoes similar to the shoes worn by the robber in the surveillance photographs. A jacket, thrown from a car near the scene of the robbery, resembled the security guard jacket worn by the robber and contained a packet of Farnsworth's brand of cigarettes. A box of matches from a night club frequented by Farnsworth was found in a pair of pants left in the getaway car.

To buttress this identification evidence, the government elicited lay opinion evidence from three witnesses who testified that the man wearing the security guard uniform in the surveillance photographs was Farnsworth. Two of these witnesses were parole officers. Kenneth Cope testified that he had known Farnsworth since March of 1980. Farnsworth had been to Cope's office approximately seventy-five times for meetings lasting from two minutes to twenty-five minutes. He had also seen Farnsworth on ten to fifteen occasions outside his office. Ronald Ninemire testified that he had known Farnsworth since October of 1981. Farnsworth visited Ninemire's office about twenty times over a sixteen-month period for visits lasting up to forty-five minutes. Neither witness identified his employment or his relationship with the defendant. The third witness to testify in this capacity was Carl Sharp, a used car salesman. He sold Farnsworth a car the afternoon of the robbery.

The jury convicted Farnsworth of bank robbery in violation of 18 U.S.C. §§ 2, 2113(a) & (d) (1982). This appeal followed.

Farnsworth raises both constitutional and evidentiary challenges to the district court's admission of the parole officers' identifications. According to Farnsworth, the prosecution's use of these particular witnesses made it strategically undesirable for the defense to attack their credibility fully or explore reasons for bias on cross-examination. Farnsworth thus urges us to find that the testimony was inadmissible under Fed.R.Evid. 701 and 403, and that the undue restriction on his right to cross-examine violated his sixth amendment right to confrontation.

■ Rule 701 of the Federal Rules of Evidence governs the admissibility of lay opinion evidence.[2] A witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. This criteria is fulfilled where the witness is familiar with the defendant's appearance around the time the surveillance photograph was taken and the defendant's appearance has changed prior to trial. *See, e.g., United States v. Barrett,* 703 F.2d 1076, 1086 (9th Cir.1983); *United States v. Borrelli,* 621 F.2d 1092, 1095 (10th Cir.), *cert. denied,* 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 222 (1980); *United States v. Brannon,* 616 F.2d 413, 417 (9th Cir.), *cert. denied,* 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980).

In the instant case, the district court noted that the defendant had grown a full beard since the time of the robbery. In addition, the day of the robbery, he wore a scarf over his face. These factors made it difficult for the jury to make a positive identification from the photographs. Because the parole officers' frequent contacts

---

**2.** Rule 701 of the Federal Rules of Evidence states:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

with Farnsworth familiarized them with his appearance prior to the robbery, the district court considered their identification testimony helpful to the jury and admissible under Fed.R.Evid. 701 and 403.

The district court's decision to admit the parole officers' testimony is contrary to a Sixth Circuit case, *United States v. Calhoun*, 544 F.2d 291 (6th Cir.1976). In *Calhoun*, the Court held the trial court abused its discretion in admitting a parole officer's identification of the defendant in a surveillance photograph because "his broad assertion could not be tempered or probed by cross-examination." *Id.* at 295. The *Calhoun* Court considered the relevant lines of inquiry on cross-examination cutoff by the danger that probing into the witness's possible bias would reveal to the jury that the defendant was on parole. The Court did not reach the constitutional right to confrontation issue, but held that the admission of such testimony violated Rule 701 because the "natural antidote" of cross-examination was necessary to temper the expansive scope of that rule. It further concluded that the evidence violated Fed.R. Evid. 403 because the danger of unfair prejudice outweighed its probative effect.

We disagree that the constraints on cross-examination in this situation are so extreme that the admission of a parole officer's identification is *per se* an abuse of discretion. In *United States v. Sostarich*, 684 F.2d 606 (8th Cir.1982), we endorsed the procedure the district court used in this case to avoid prejudice to the defendant. In *Sostarich*, a witness giving lay opinion identification testimony was allowed to say that he met the defendant when they were incarcerated together. We reversed the conviction holding such testimony violated Fed.R.Evid. 403 because it was highly prejudicial and without probative value. We observed, however, that the government could have established the witness's close acquaintance with the defendant without bringing out the fact of incarceration:

> [T]he government could have asked whether [the witness] previously had lived or worked with [the defendant]. If

the defendant desired to pursue the circumstances of their acquaintance, the government could have notified defendant's counsel of the circumstances, and then whether the incarceration would have been revealed would have been solely a decision of the defendant's counsel. *Id.* at 608.

This tack was the one taken by the district court in this case. The court directed the government not to delve into the circumstances of the parole officers' relationships with the defendant. On direct examination, the government brought out only the number of times each witness had seen the defendant and the duration of those visits. On cross-examination, the defense counsel chose to limit his inquiry in a way that did not reveal the defendant's parolee status.

We are bound to follow the reasoning of our own Court in *Sostarich* and reject the holding of *United States v. Calhoun, supra*. We thus hold the district court did not abuse its discretion in admitting the parole officers' identification testimony. *Accord United States v. Butcher*, 557 F.2d 666, 670 (9th Cir.1977). Because of the constraints on cross-examination, however, we do not encourage the use of lay opinion identification by police or parole officers. They should be used only when no other adequate identification testimony is available to the prosecution. *See id.*

Having found the admission of this testimony was not an abuse of discretion, we also find the defendant was not denied his right to confrontation under the sixth and fourteenth amendments. The right to confrontation includes the right to cross-examine witnesses to reveal lack of credibility, bias, or self-interest. *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1973); *Hughes v. Raines*, 641 F.2d 790, 792 (9th Cir.1981). This right is not absolute, however; the trial court has discretion in limiting the scope and extent of cross-examination. *See Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973); *United States v. Walton*, 552 F.2d 1354, 1364 (10th

**1162**

Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977). A violation of the confrontation clause does not occur unless the limitation on the cross-examination could reasonably be expected to have a substantial effect on the jury's decision. *Hughes v. Raines, supra,* 641 F.2d at 792.

Here, the decision of the trial court only indirectly affected the scope of the cross-examination. The defendant himself chose to avoid an extensive cross-examination as a matter of strategy. We recognize that the choice between full cross-examination and possibly revealing the defendant's criminal history is a difficult one, and we reiterate our disapproval of using parole or police officers to make this type of identification when other adequate witnesses are available. Nevertheless, we do not think this situation presents a confrontation clause problem. Furthermore, in view of the other identification evidence offered at trial, we do not think the admission of this testimony without full cross-examination had a substantial effect on the jury's verdict.

Accordingly, the judgment of the district court is affirmed.