**Sidney ROBINSON, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 95SC486.**

Supreme Court of Colorado,
En Banc.

Oct. 28, 1996.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Petitioner.

Gale A. Norton, Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russell, First Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Robinson*, 908 P.2d 1152 (Colo.App.1995), affirming the petitioner's conviction for aggravated robbery and crime of violence. The court of appeals held that the trial court properly admitted into evidence a police officer's lay opinion testimony that the petitioner was the robber depicted in a videotape taken by an automatic surveillance camera. We affirm.

## I.

On August 31, 1991, the petitioner, Sidney Robinson (Robinson), entered a convenience store in Grand Junction and robbed the clerk at knifepoint. During the robbery, Robinson's fingers were covered with tape and he was wearing a cap and sunglasses with one lens missing. After Robinson left the store, the store clerk pushed an alarm button and called the police. An automatic surveillance camera in the store had recorded the robbery.

Upon viewing the surveillance camera videotape, one of the investigating officers, Detective Robert Russell (Detective Russell), recognized the robber on the videotape as Robinson. Detective Russell recognized Robinson based upon a previous encounter with him.[1] The police subsequently searched Robinson's residence and seized a knife of the type used in the robbery, clothing, eyeglass frames, and a roll of tape. The police then arrested Robinson, who confessed to the robbery during questioning.

At trial, the surveillance camera videotape and photographs of the videotape were shown to the jury. The district court also permitted Detective Russell to testify that he had viewed the videotape of the robbery and that, in his opinion, the robber in the videotape was Robinson. The jury subsequently convicted Robinson of one count of aggravated robbery and one count of crime of violence. The court of appeals affirmed these convictions.

## II.

Robinson asserts that the trial court violated the Colorado Rules of Evidence by admitting into evidence Detective Russell's testimony identifying Robinson as the robber in the videotape. Specifically, Robinson contends that Detective Russell's lay opinion testimony was not helpful to the jury because the detective was in no better position than the jury to determine whether the robber in the videotape was Robinson.

Rule 701 of the Colorado Rules of Evidence governs the admission of opinion testimony by a lay witness:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

CRE 701. Although we have ruled extensively on CRE 701, we have never addressed the specific issue of whether CRE 701 permits a police officer to give lay opinion testimony that the accused is the robber depicted in a videotape taken by an automatic surveillance camera. However, several federal jurisdictions have addressed this issue as it relates to FRE 701, which is identical to CRE 701, and we turn to these jurisdictions for guidance.

A significant majority of jurisdictions which have addressed this issue has held that a lay witness may testify regarding the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than the jury. *See, e.g., United States v. Jackman*, 48 F.3d 1 (1st Cir.1995); *United States v. Henderson*, 68 F.3d 323 (9th Cir.1995); *United States v. Stormer*, 938 F.2d 759 (7th Cir.1991); *United States v. Allen*, 787 F.2d 933 (4th Cir.1986), *judgment vacated on other grounds*, 479 U.S. 1077, 107 S.Ct. 1271, 94 L.Ed.2d 132 (1987); *United States v. Farnsworth*, 729 F.2d 1158 (8th

---

**1.** Detective Russell had previously arrested Robinson on charges which did not result in convictions. This information was not admitted into evidence at trial.

Cir.1984); *United States v. Borrelli*, 621 F.2d 1092 (10th Cir.), *cert. denied*, 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 222 (1980). A small minority of jurisdictions addressing this issue has disfavored the admission of lay opinion testimony regarding the identity of a person depicted in a surveillance photograph. *United States v. Calhoun*, 544 F.2d 291 (6th Cir.1976); *see also United States v. Robinson*, 544 F.2d 110, 113 n. 4 (2d Cir.1976), *cert. denied*, 434 U.S. 1050, 98 S.Ct. 901, 54 L.Ed.2d 803 (1978) (stating that "it is not improper to exclude the testimony of lay witnesses asked to render an opinion whether the individual in a bank photograph is the defendant," although, under the facts of that case, the Second Circuit Court of Appeals allowed such lay opinion testimony).[2] However, even this minority of jurisdictions has not adopted a per se rule excluding such lay opinion testimony. *Id.*

Among the courts in the majority, a few have based the admission of lay opinion testimony on the fact that the defendant's appearance in the photograph or videotape was different from his appearance at trial. *Farnsworth*, 729 F.2d at 1160; *Borrelli*, 621 F.2d at 1095. However, other courts have explicitly rejected a change in the defendant's appearance as a requirement for admitting lay opinion testimony. *Stormer*, 938 F.2d at 761; *Allen*, 787 F.2d at 936. Those courts which do not require a change in the defendant's appearance have reasoned that the evidentiary rule only requires that the lay opinion testimony be "helpful" to the jury, and such testimony is helpful even when the defendant's appearance has not changed.[3] *Stormer*, 938 F.2d at 761; *Allen*, 787 F.2d at 936–37.

Various jurisdictions among the majority have also differed on the level of familiarity the witness must have with the defendant. In *United States v. Jackson*, 688 F.2d 1121 (7th Cir.1982), *cert. denied*, 460 U.S. 1043, 103 S.Ct. 1441, 75 L.Ed.2d 797 (1983), the Seventh Circuit Court of Appeals held that a lay witness opinion as to the identity of the defendant in a surveillance photograph was proper even though the witness had only met the defendant once at a Christmas party. *Id.* at 1125. In *Henderson*, 68 F.3d at 326, the Ninth Circuit Court of Appeals held:

> Instead of any particular amount of sustained contact, we require a lay witness to have *sufficient contact* with the defendant to achieve a level of familiarity that renders the lay opinion *helpful*.

(Emphasis added.) However, the Ninth Circuit excluded lay witness testimony in *United States v. LaPierre*, 998 F.2d 1460 (9th Cir. 1993), holding that the lay witness did not have sufficient contact with the defendant where the witness had never seen the defendant in person and was familiar with his appearance only through other photographs and witness' descriptions. *Id.* at 1465.

All of the courts among the majority agree that a lay witness who has substantial familiarity with the defendant, such as a family member or a person who has had numerous contacts with the defendant, may properly testify as to the identity of the defendant in a surveillance photograph. *Jackman*, 48 F.3d at 5–6; *Henderson*, 68 F.3d at 326; *Stormer*, 938 F.2d at 762; *Allen*, 787 F.2d at 935–36; *Farnsworth*, 729 F.2d at 1160; *Borrelli*, 621 F.2d at 1095. Moreover, several jurisdictions agree that whether a lay witness' prior contacts with the defendant are extensive enough to permit a proper identification is a matter of weight for the jury, not admissibility. *United States v. Wright*, 904 F.2d 403, 405 (8th Cir.1990); *Allen*, 787 F.2d at 936; *Jackson*, 688 F.2d at 1125.

### III.

Robinson argues that lay opinion testimony regarding the identity of a person depicted in a surveillance photograph should only be admitted where (a) the lay opinion is

---

2. Several jurisdictions have expressly rejected the reasoning in *Calhoun*. *See, e.g., Jackman*, 48 F.3d 1; *Allen*, 787 F.2d 933; *Farnsworth*, 729 F.2d 1158.

3. Although a defendant's appearance may not have changed from the time of the photograph to the time of trial, subtle changes in dress or an unclear photographic image may make a lay witness' opinion testimony particularly helpful in identifying the person in the surveillance photograph.

based on the witness' "intimate familiarity" with the defendant's appearance at or about the time of the robbery; and (b) the defendant has altered his appearance between the time of the robbery and the time of the trial. We reject this argument.

■ First, we adopt the majority view and hold that a lay witness may testify regarding the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. Moreover, the lay witness need only be personally familiar with the defendant, and the intimacy level of the witness' familiarity with the defendant goes to the weight to be given to the witness' testimony, not the admissibility of such testimony. Additionally, the defendant's appearance need not have changed from the time of the photograph to the time of trial, so long as the lay opinion testimony is helpful to the jury. Thus, we hold that, although the witness must be in a better position than the jurors to determine whether the image captured by the camera is indeed that of the defendant, this requires neither the witness to be "intimately familiar" with the defendant nor the defendant to have changed his appearance.

■ In the case at bar, we must determine whether the trial court properly allowed Detective Russell to testify that Robinson was the robber in the surveillance photograph. The determination of whether a witness may render an opinion pursuant to CRE 701 is a question for the trial court, and that determination is not subject to reversal unless clearly erroneous. *Farley v. People,* 746 P.2d 956, 958 (Colo.1987); *People v. Hulsing,* 825 P.2d 1027, 1032 (Colo. App.1991). Accordingly, a reviewing court must not disturb a trial court's admission of evidence pursuant to CRE 701 absent an abuse of discretion. *See Hulsing,* 825 P.2d at 1032. Here, the trial court properly admitted Detective Russell's lay opinion testimony if there was some basis for concluding that Detective Russell was more likely to correctly identify Robinson from the photograph than was the jury.

The record before us indicates that the robber depicted in the surveillance photographs was wearing a cap and sunglasses. The record also indicates that the photographic image of the robber in the videotape is unclear as to the robber's identity. Thus, although Robinson's appearance did not change from the time the photograph was taken to the time of trial, lay opinion testimony by a witness familiar with Robinson's appearance would have been helpful to the jury in determining whether Robinson was indeed the robber in the photograph. *See Allen,* 787 F.2d at 936 (holding that lay opinion testimony was helpful despite lack of change in defendant's appearance between time of photograph and time of trial, where photographic image of robber was unclear and robber's jacket hood was pulled over his head so that his hair, forehead, and right eye were not visible); *see also Stormer,* 938 F.2d at 762.

Moreover, Detective Russell was personally familiar with Robinson because he had previous "face-to-face" contact with Robinson. Although Detective Russell was not intimately familiar with Robinson, his personal familiarity was sufficient to be helpful to the jury. *See Jackson,* 688 F.2d at 1125 (holding that lay opinion testimony was helpful although witness had personally seen defendant only one time at a Christmas party). Detective Russell's lack of intimate familiarity with Robinson goes to the weight of his lay opinion testimony and does not preclude admission of his testimony. *See id.*

Because Detective Russell's lay opinion testimony in this case was helpful to the jury, we hold that the trial court did not abuse its discretion in admitting such testimony.

### IV.

Based on the foregoing, we conclude that the trial court did not abuse its discretion by admitting Detective Russell's lay opinion tes-

timony regarding the identity of the robber in the automatic surveillance camera videotape. We hold that Detective Russell's lay opinion testimony was helpful to the jury in that he was more likely to correctly identify Robinson from the photograph than was the jury. We therefore affirm the court of appeals.