Following a jury trial in the Superior Court, the defendant, Jose David Benitez, was convicted of one count of assault and battery by means of a dangerous weapon causing serious bodily injury (ABDW-SBI) and one count of mayhem. On appeal, the defendant contends that (1) the judge erred in allowing two lay witnesses to identify the defendant from surveillance images, and (2) the convictions for ABDW-SBI and mayhem are duplicative. The Commonwealth concedes, and we agree, that the convictions are duplicative, and thus the case must be remanded for resentencing. We otherwise affirm.
Background. On the night at issue, the victim was working as a security officer at the El Corral restaurant and bar in Chelsea. Around 11:30 p.m., three men approached the front door of the establishment. The victim recognized one of them as a patron whom he had ejected from the bar earlier that evening. As they approached, the victim advised that they could not enter and asked them to "[p]lease leave." They started to walk away, but one of the three men quickly returned, raised his arm, and struck the victim with a machete. The victim blocked the machete with his left arm. The attack caused the victim to undergo lengthy surgery at Massachusetts General Hospital to reattach his arm, and caused permanent damage to his arm. The incident was captured on surveillance video, which was admitted in evidence and played for the jury at trial.[2]
During the investigation into the attack, Chelsea police officers showed still images from the surveillance video to Elizabeth Granadeno, the former wife of one of the defendant's companions. She recognized her former husband and the defendant from the images. She identified the defendant as "David," whom she had known for many years as they came from the same village and attended the same grade school in El Salvador.
In addition, Chelsea police detectives went to the defendant's apartment in Chelsea approximately one week after the attack. There, they found a pay stub from the "Tasty Burger" restaurant, "with Mr. Benitez's name on it," in the defendant's bedroom. The detectives proceeded to the Tasty Burger in Boston, spoke with the manager, Gabriel Good, and showed him some photographs including the still images from the surveillance video. Good identified the person in the still images as "David," who had worked as a cook at Tasty Burger for two or two and one-half years. Good identified the defendant at trial as the "David" who had worked at Tasty Burger. Also at trial, the director of human resources at Tasty Burger identified the defendant as "David Benitez," a former employee at Tasty Burger.
Discussion. 1. Lay witness identification. The defendant claims that the identification opinion testimony from Granadeno and Good usurped the jurors' role as fact finder. The claim is unavailing. In determining whether a lay witness's identification of a person appearing in a photograph or video is admissible, courts consider a variety of factors including: the quality of the images; the level of familiarity of the witness with the person depicted in the video; and whether the suspect was disguised in the video or has altered his appearance since the time of the crime. Commonwealth v. Pleas, 49 Mass. App. Ct. 321, 325-326 (2000). These factors "distill to the following: 'A witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury.' " Id. at 326, quoting United States v. Farnsworth, 729 F.2d 1158, 1160 (8th Cir. 1984). "Put another way, 'such testimony is admissible ... when the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess ....' " Pleas, supra at 326-327, quoting United States v. Jackman, 48 F.3d 1, 4-5 (1st Cir. 1995).
Here, the factors weighed in favor of admitting Granadeno's and Good's identifications. First, the clarity of the still images is somewhat grainy.[3] Moreover, the still images depict the defendant wearing a baseball cap, which covered the top of his hair. In addition, one image depicts the defendant's profile, while the other depicts most, but not all, of his face. The images also came from a camera facing downward toward the defendant and victim. See Pleas, 49 Mass. App. Ct. at 325, quoting Jackman, supra at 5 (lay opinion testimony may be admitted if photograph is neither "so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification"). These factors -- the quality of the images, the camera angle that captured the images, the coverage of the defendant's head, and the witnesses' intimate familiarity with the defendant -- make it more likely that they are in a better position than the jury to correctly identify the defendant from the photographs. See Pleas, supra at 325-326. Thus, the judge did not err or abuse her discretion in admitting the identifications of the defendant.
2. Duplicative convictions. The defendant also claims that his conviction of ABDW-SBI is a lesser included offense of his conviction of mayhem (second theory). The Commonwealth concedes the issue, and we agree. See Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 702 (2015) ; Commonwealth v. Forbes, 86 Mass. App. Ct. 197, 202-203 (2014).
On the indictment charging the defendant with ABDW-SBI, the judgment is reversed, the verdict is set aside, and that indictment is to be dismissed. On the remaining charge, the conviction is affirmed but the matter is remanded for reconsideration of the sentence; the judge may, in her discretion, impose a new sentence. See Coutu, 88 Mass. App. Ct. at 703-704. See also Commonwealth v. Valliere, 437 Mass. 366, 371-372 (2002).
So ordered.
Reversed, verdict set aside, and indictment dismissed in part; affirmed and remanded in part.

The video from the incident shows the defendant speaking to the victim, walking away, quickly returning, and striking the victim with the machete.

This panel has viewed the videotape. See Commonwealth v. Hoyt, 461 Mass. 143, 148-149 (2011) (appellate court is in same position as trial court in reviewing videotape and will take independent review of documentary evidence).