NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-570

COMMONWEALTH

vs.

DENNIS S. HARRIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the District Court, the defendant appeals from convictions arising out of the theft of specialized equipment from a storage warehouse.[1]  The defendant argues that the judge erroneously admitted lay opinion testimony identifying the defendant and certain Cell Site Location Information (CSLI or CSL data).  We affirm.

Background.  The defendant is a former employee of Crown Castle Warehouse in Auburn, Massachusetts.  In the fall of 2021, the warehouse experienced two burglaries, in September and

_____

[1] The defendant was convicted of six separate counts:  two counts of breaking and entering in the nighttime for a felony, G. L. c. 266, § 16; two counts of larceny from a building, G. L. c. 266, § 20; and two counts of malicious destruction of property, G. L. c. 266, § 127.

November respectively, both taking place around 2:00 <u>A</u>.<u>M</u>. The items stolen from the warehouse included high-end telecommunications equipment suitable for constructing a fiber optic network. The burglaries, carried out by a single individual, were both captured on the warehouse's security video system from several cameras. The footage was introduced in evidence as two videos comprised of various camera angles stitched together. The videos, which we have viewed, are entirely in black and white, depict a masked individual, hooded in one of the burglaries, walking around the dark facility with a flashlight[2] before loading various items into a vehicle.

The parties filed cross motions in limine to determine whether the Commonwealth would be permitted to introduce lay witness opinion testimony identifying the defendant as the individual in the videos. The judge conducted a voir dire of the Commonwealth's proposed lay witnesses before allowing the motion to admit opinion testimony from the defendant's former supervisor, Douglas Hein.[3] During trial, Hein identified the defendant as the individual in the video with one hundred percent certainty. Later in the trial, the Commonwealth

_____

[2] The individual appears to use a flashlight in one video and a cell phone flashlight in the other.

[3] The judge denied the motion with respect to a different supervisor due to his insufficient familiarity with the defendant.

2

introduced testimony, over no objection from the defendant, that CSL data from approximately thirty minutes before the September burglary showed the defendant's cell phone moving in the warehouse's general direction.[4]  The judge ultimately found the defendant guilty on all six counts charged, and this appeal followed.

Discussion.  1.  Lay witness identification.  The defendant argues that the judge abused his discretion in admitting Hein's testimony identifying the defendant as the individual in the warehouse videos.  The defendant's motion in limine preserved the issue for our review.  See Commonwealth v. Grady, 474 Mass. 715, 719 (2016).  We review for prejudicial error accordingly.  See Commonwealth v. Wardsworth, 482 Mass. 454, 458 (2019).  See also Commonwealth v. Pina, 481 Mass. 413, 429-430 (2019).

"A lay witness is permitted to identify an individual depicted in a video recording or photograph if that testimony would assist the [fact finder] in making their own independent identification."  Pina, 481 Mass. at 429.  See Commonwealth v. Vacher, 469 Mass. 425, 441 (2014).  In determining whether a witness's identification of a person appearing in a photograph or video is admissible, we consider several factors, including

_____

[4] The Commonwealth also introduced testimony indicating that CSL data showed the defendant's cell phone moving directly to and from the location of the warehouse at times aligning with the beginning and end of the November burglary.

3

(1) the quality of the images, (2) the level of familiarity of the witness with the person depicted in the video, and (3) whether the suspect was disguised in the video or has altered his appearance since the time of the crime.  See Commonwealth v. Pleas, 49 Mass. App. Ct. 321, 325-326 (2000).  See also Wardsworth, 482 Mass. at 475; Vacher, supra at 441-442.  Whether these factors are met and the lay opinion is admissible lies within the sound discretion of the judge.  See Pleas, supra at 328.  An abuse of discretion occurs only where a judge's decision "contains an error of law or where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  Commonwealth v. Jones, 481 Mass. 540, 558 (2019).

The defendant first argues that the disguise of the individual in the video was so effective as to render the video useless for purposes of identification.[5]  He argues, in essence, that the disguise renders the individual's identity so obscure

---

[5] The defendant appears to conflate this argument with the Pleas factor regarding the image quality of the surveillance photos.  We note that the picture quality of the videos themselves is not "so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification."  Pleas, 49 Mass. App. Ct. at 325, quoting United States v. Jackman, 48 F.3d 1, 5 (1st Cir. 1995).

4

that any witness was no more "likely to correctly identify the defendant from the [images] than the [fact finder]." Pleas, 49 Mass. App. Ct. at 326, quoting United States v. Farnsworth, 729 F.2d 1158, 1160 (8th Cir. 1984). We disagree. In fact, much can be discerned about the depicted individual, including his approximate height, his gait, his build, the shape of his head, his hairstyle, the top of his face, what vehicle he drove, how he entered and exited said vehicle, and his general familiarity with the location. Given the details visible in the video, we cannot say the judge abused his discretion in finding that a lay witness would be helpful in identifying the subject of the video.

The defendant next argues that the identification witness had insufficient familiarity with the defendant to be allowed to testify under the Pleas standard. Again, we disagree. Here, the identification witness testified at the motion hearing that he was the defendant's supervisor at the warehouse every Monday through Friday between December 2019 and March 2020. He testified that they worked very closely together for a period of thirty days when the defendant was training and that they would socialize during downtime at the warehouse. He testified to his familiarity with the defendant's bearing and gait, his hair, and the particular way he entered and exited his vehicle. This was ample evidence for the judge to conclude that the witness was

5

"more likely to correctly identify the defendant from the [video] than [was he]" (citation omitted).  <u>Pleas</u>, 49 Mass. App. Ct. at 326.

The defendant points, in contrast, to the fact that the identifying witness had not interacted with the defendant for a period of roughly sixteen months prior to the burglaries.  He also downplays the extent of his interaction with the witness while they worked together.  He points to several Federal court cases in which identifying witnesses with much more substantial relationships to the defendant were permitted to testify.  These arguments and comparisons may have some persuasive value at the motion stage.  We cannot say, however, that a judge abuses his discretion as a matter of law in determining that a coworker of several months has sufficient familiarity to identify a defendant, even after sixteen months apart, absent some intervening factor such as a drastic change in appearance.  In other words, the judge properly exercised his discretion in evaluating the <u>Pleas</u> factors and admitting the witness's testimony.

2. <u>Cell site location information</u>.[6]  The defendant argues that the judge erroneously admitted CSLI pertaining to the

---

[6] The parties disagree over whether this issue was preserved for appeal and, accordingly, whether we should review for prejudicial error or substantial risk of miscarriage of justice. Because we find no error, we need not reach this question.  We

6

September burglary because it was irrelevant.[7]  Because the CSLI

did not show his cell phone at the precise location of the

crime, at the precise time of the crime, he argues it has no

probative value.  We disagree.  "We review a judge's evidentiary

rulings for an abuse of discretion."  Commonwealth v. Andre, 484

Mass. 403, 414 (2020).  "Whether evidence is relevant in any

particular instance, and whether the probative value of relevant

evidence is outweighed by its prejudicial effect, are questions

within the sound discretion of the judge."  Commonwealth v.

Dunn, 407 Mass. 798, 807 (1990).  "Evidence is relevant if

(a) it has any tendency to make a fact more or less probable

than it would be without the evidence and (b) the fact is of

consequence in determining the action."  Commonwealth v. Mason,

485 Mass. 520, 533 (2020), quoting Mass. G. Evid. § 401 (2020).

Here, the evidence showed the defendant's cell phone moving in

the general direction of the warehouse approximately thirty

minutes before the burglary.  Prior to the introduction of this

note, however, that the law in Massachusetts is clear that the
standard for issues in criminal cases where no objection is
raised is to review for a substantial risk of miscarriage of
justice.  See, e.g., Commonwealth v. McGann, 484 Mass. 312, 322
(2020).

[7] To the extent the defendant also argues the CSL data was
substantially more prejudicial than probative, his argument
assumes the data's irrelevance.  Because we do not find that the
judge abused his discretion in determining the data was
relevant, the argument fails.

evidence, the fact finder had no knowledge of the defendant's whereabouts.  The CSLI shows he was not in a location incompatible with having committed the crime and thus has a tendency to make it more probable that he did commit it.  The judge properly exercised his discretion in admitting the evidence.

<u>Judgments affirmed</u>.

By the Court (Sacks, Englander & Walsh, JJ.[8]),

Clerk

Entered:  July 28, 2025.

---

[8] The panelists are listed in order of seniority.