54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward JACKSON, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 94-3409.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: CONTIE, MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Edward Jackson, an Ohio state prisoner, moves for the appointment of counsel and appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Jackson was found guilty by a jury of two counts of rape, three counts of kidnapping, attempted rape, gross sexual imposition, and having a weapon under a disability. His conviction was affirmed but his sentence was modified on direct appeal in the state courts. He also unsuccessfully pursued a motion for delayed reconsideration in the state courts. In this petition, Jackson alleged that he had been deprived of his rights to a speedy trial and to confront the witnesses against him. The matter was referred to a magistrate judge, who concluded that Jackson had not raised these issues as federal constitutional questions in his state direct appeal, and had therefore procedurally defaulted. Jackson argued ineffective assistance of appellate counsel as cause to excuse his procedural default, a claim which he had exhausted in his motion for delayed reconsideration. However, the magistrate judge concluded that the underlying issues were meritless and therefore Jackson's counsel had not been ineffective in failing to raise them on direct appeal. It was recommended that the petition be denied. The district court adopted this recommendation over Jackson's objections.
 
 
 3
 Upon review, we conclude that this petition was properly denied for the reasons stated by the magistrate judge and adopted by the district court. The magistrate judge correctly concluded that Jackson did not state a constitutional speedy trial violation under the analysis of Barker v. Wingo, 407 U.S. 514, 530-31 (1972), as the delay in this case that was attributable to the state was not lengthy, Jackson did not assert his rights until the day of trial, and Jackson could point to no specific prejudice that resulted.
 
 
 4
 Jackson's remaining claim was a denial of the right to confront the witnesses against him. The main and essential purpose of confrontation is to secure the opportunity for cross-examination in order to allow the jury to judge the reliability and credibility of the witnesses. Delaware v. Van Arsdall, 475 U.S. 673, 678, 680 (1986). In this case, Jackson has only asserted a vague denial of this right without arguing how he would have attacked the reliability of the witnesses in question. Moreover, the inability to cross-examine was at least partially a result of a tactical decision by defense counsel, and therefore does not amount to a violation of the Confrontation Clause. See United States v. Wright, 904 F.2d 403, 406 (8th Cir. 1990).
 
 
 5
 Because Jackson's counsel was not shown to have been ineffective for failing to raise the above issues, the district court properly concluded that Jackson had not demonstrated either cause and prejudice to excuse his procedural default or a fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496-97 (1986).
 
 
 6
 Accordingly, the motion for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.