Robert Lee **BAILEY**, Petitioner–Appellant,

v.

Terry **PITCHER**, Warden, Respondent–Appellee.

No. 02–2314.

United States Court of Appeals, Sixth Circuit.

Jan. 13, 2004.

James Sterling Lawrence, Detroit, MI, for Petitioner–Appellant.

Joseph A. Puleo, Asst. Pros. Attorney, Office of the Prosecuting Attorney, Detroit, MI, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before SUTTON and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

SUTTON, Circuit Judge.

A state-court jury convicted Robert Lee Bailey of second degree murder and possession of a firearm during the commission of a felony, each in violation of Michigan law. Bailey subsequently petitioned for a federal writ of habeas corpus, alleging that the state court violated his rights under the Confrontation Clause of the Sixth (and Fourteenth) Amendment by admitting an out-of-court statement made by his co-defendant without allowing him to cross-examine the individual. Because we agree with the district court that the state courts did not violate clearly-established federal law in permitting the admission of this evidence–most notably, because the state court did give petitioner an opportunity to

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

cross-examine his co-defendant—we affirm the court's denial of habeas relief.

## I.

This case arises from the murder of Randy Bland. At 3:10 a.m. on July 13, 1993, police discovered Bland lying shot to death beside his car. Later that morning, Bailey voluntarily went to the police station and gave a statement to police regarding Bland's murder. He told police that he had "no involvement" in the murder, but that he knew where the weapon used to kill Bland was located. During the conversation, Bailey implicated Wayne Brown in the murder, telling police that Brown had given him the weapon after the shooting, and that he had subsequently hidden the weapon in the backyard of a home near the crime scene.

Shortly thereafter, police arrested Brown for the murder. After waiving his *Miranda* rights. Brown gave a statement to Officer Reginald Harvel about the incident in which he admitted to shooting Bland, but also implicated Bailey in the murder. According to Brown, he and Bailey "decided to get [Bland]" after an altercation, and then set out to kill him. Bailey gave Brown the gun that he used in the murder, and was hiding nearby when Brown shot Bland.

Brown and Bailey were tried together in a single proceeding for their offenses, but each one was tried in front of a different jury. Ruling on a motion in limine before trial, the state-court judge determined that Brown's statement to Officer Harvel would be admissible as substantive evidence against Bailey under an exception to Michigan's hearsay rule—Rule 804(b)(3) of the Michigan Rules of Evidence. In doing so, the court determined that the statement was against penal interest and was made by an "unavailable" declarant because Brown thus far had invoked his Fifth Amendment rights. The court also determined that the statement bore sufficient indicia of reliability to be admitted without cross-examination of the declarant. In accordance with this ruling. Officer Harvel read Brown's statement in its entirety in front of Brown's and Bailey's juries during the State's case in chief against the two defendants.

After the State rested, Bailey declined to introduce any evidence. At this point, Bailey's lawyer asked the judge to keep Bailey's jury out of the courtroom during Brown's defense. Bailey's lawyer, however, soon equivocated, and a lengthy discussion ensued with the trial judge about whether Bailey's jury should hear Brown's defense. During this colloquy, the trial judge asked Bailey's attorney if he "[didn't] wish to cross examine [Brown]" should Brown decide to testify in his own defense. Bailey's attorney responded that he had rested his case, and the judge pointed out that "that doesn't mean you can't examine [Brown]." Ultimately, Bailey's attorney elected to have the jury stay out of the courtroom while Brown proceeded with his case, and accordingly Bailey's jury did not return until closing arguments and the court's instructions.

At it turned out, Brown waived his Fifth Amendment privilege and took the stand in his own defense. Bailey's attorney, however, did not request a return of the Bailey jury and he thus did not cross-examine Brown.

The jury convicted Bailey of second degree murder and possession of a firearm during the commission of a felony, and the court sentenced him to a prison term of fifteen to forty years for the murder and an additional two years for the firearm violation. After unsuccessfully appealing this judgment and after unsuccessfully pursuing state court post-conviction reme-

dies, Bailey filed a petition for habeas corpus in federal district court, challenging his conviction on Confrontation Clause grounds. He claimed that the state court committed constitutional error by admitting Brown's out-of-court statement to Officer Harvel as substantive evidence without affording him an opportunity to cross-examine Brown and without sufficient indicia of reliability. The district court rejected the claim, concluding that the state court satisfied all constitutional requirements in this area by offering Bailey's lawyer the opportunity to cross-examine Brown. Bailey appealed.

## II.

When presented with an appeal from the denial of a habeas petition, we give de novo review to the district court's legal conclusions, applying the same standards of review to the state court proceeding as the district court applied. *See Smith v. Hofbauer*, 312 F.3d 809, 813 (6th Cir.2002). The Antiterrorism and Effective Death Penalty Act (AEDPA). Pub. L. No. 104–132, 110 Stat. 1214 (1996), establishes the applicable standard of review. Under AEDPA, federal courts may grant a writ of habeas corpus only if the petitioner's state court conviction "resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). The requirements of § 2254(d)(1) are satisfied when a state court reaches a conclusion of law opposite to that reached by the Supreme Court, or if in facing a set of "materially indistinguishable" facts, the state court arrives at a result different from that of the Supreme Court. *See Williams v.*

*Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ In this case. Bailey complains that the admission of his co-defendant's confession (which implicated Bailey in the murder) violated clearly-established Supreme Court precedent interpreting the Confrontation Clause. For reasons that follow, we disagree.

In state prosecutions, as in federal prosecutions, the Confrontation Clause gives the defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI; *see also Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (applying the Sixth Amendment to the States). As the words of the provision suggest, the constitutional right to confront adverse witnesses generally prevents a court from admitting an out-of-court statement against a criminal defendant. *See California v. Green,* 399 U.S. 149, 155–58, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). *See also Lee v. Illinois,* 476 U.S. 530, 546, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) (affirming "time-honored teaching" that a "codefendant's confession inculpating the accused is inherently unreliable" and cannot be admitted consistent with the Confrontation Clause).

This general prohibition, however, has two exceptions. First, a state court does not violate the Confrontation Clause where the defendant is given a right to cross-examine the individual who made the out-of-court statement. *See Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Green,* 399 U.S. at 158 ("[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination."). Second, if the declarant is not available for crossexamination, the statement may be admitted if it (1) falls within a "firmly

rooted hearsay exception" or (2) contains "particularized guarantees of trustworthiness" such that cross-examination would not materially increase the reliability of the statement. *Lilly v. Virginia,* 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (internal quotations omitted).

The right of cross-examination secured by the Confrontation Clause does not demand that cross-examination actually take place or that it be allowed without limits. Rather, the defendant must be afforded an *"opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985); *see also Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (holding that prohibition of *"all* inquiry" into witness bias violated the Confrontation Clause).

That "opportunity" was provided here. While the exchange between the trial judge and Bailey's lawyer was at points confusing, the trial judge clearly said it was Bailey's decision whether his jury would hear any of Brown's case in chief. And the judge made it clear that with Bailey's jury in the courtroom, Bailey's attorney would be able to cross-examine Brown if he took the stand. Nor was Bailey (or his attorney) presented with an abstract question. In the course of this colloquy, Brown's lawyer indicated that Brown would in fact take the stand.

Bailey in the end was faced with a straightforward choice. On the one hand, he could allow his jury to remain in the courtroom while his lawyer cross-examined Brown on his confession but face the risk that Brown might say something even more damaging to his case. On the other hand, Bailey could keep his jury out of the courtroom and eliminate the risk of exposing the jury to potentially damaging testimony but forgo the opportunity to cross-examine Brown about his confession. Bailey opted to take the latter route, which turned out to be prescient: Brown did exactly what Bailey presumably feared by recanting his earlier confession and testifying that it was Bailey, not Brown, who pulled the trigger on Bland.

This sort of strategic choice does not violate the Confrontation Clause. When a state court gives the defendant an opportunity to cross-examine a witness and the defendant opts not to accept that opportunity as a matter of trial strategy, it does not offend the Confrontation Clause. *See Trigones v. Bissonnette,* 296 F.3d 1, 11 (1st Cir.2002) (defense lawyer's decision to forgo bias line of cross-examination does not violate the Confrontation Clause); *Jackson v. Brigano,* No. 94–3409, 1995 WL 302258, at *1 (6th Cir. May 17, 1995) ("[Counsel's] inability to cross-examine was at least partially a result of a tactical decision by defense counsel, and therefore does not amount to a violation of the Confrontation Clause."); *United States v. Wright,* 904 F.2d 403, 406 (8th Cir.1990) (finding no Confrontation Clause violation where defendant's "decision not to cross-examine ... witnesses ... was a tactical decision by his attorney" and "not a prohibition handed down by the court"); *United States v. Tarantino,* 846 F.2d 1384, 1407 (D.C.Cir.1988) (finding no Confrontation Clause violation where defendant tactically chose to forgo cross-examination on a particular subject when doing so would open the door to damaging testimony). Because the trial court gave Bailey an opportunity to cross-examine Brown on his confession, we cannot say that the Michigan court's decision to admit the confession as substantive evidence was contrary to, or an unreasonable application of, clearly-established Supreme Court precedent.

■ Bailey makes several arguments to the contrary, all unavailing. First, he contends that the state court erred by considering the admissibility of Brown's statement wholesale, rather than in smaller parcels, which in his view is inconsistent with *Williamson v. United States,* 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (precluding admission under the statement-against-interest rule of a narrative statement or confession without analysis of whether each individual "declaration or remark" is actually inculpatory). Yet *Williamson* involves the exception to the hearsay rule found in *Federal* Rule of Evidence 804(b)(3) for statements against the declarant's interest. By contrast, the Michigan court in Bailey's case applied its own evidentiary rule (Michigan Rule 804(b)(3))–which parallels, but need not be interpreted identically to, the federal provision–in determining whether Brown's confession should be admitted. *See People v. Bailey,* No. 190227, 1997 WL 33347855, at \*2–3 (Mich.Ct.App. June 17, 1997). As this case proves and as several later cases confirm, the Michigan courts have not followed *Williamson*'s interpretation of the federal statement-against-interest rule. *See, e.g., People v. Beasley,* 239 Mich.App. 548, 609 N.W.2d 581, 585 (2000). Because *Williamson* was neither directly nor indirectly (through avoidance principles) informed by the Federal Constitution, state courts need not follow the federal courts' parcel-by-parcel approach to interpreting their own versions of the statement-against-interest exception to the hearsay rule. *See, e.g., People v. Newton,* 966 P.2d 563, 577 (Colo. 1998) (rejecting *Williamson* in favor of state-law precedents); *State v. Hills,* 264 Kan. 437, 957 P.2d 496, 503 (1998) (same); *State v. Sonthikoummane,* 145 N.H. 316, 769 A.2d 330, 334 (2000) (same); *Chandler v. Commonwealth,* 249 Va. 270, 455 S.E.2d 219, 225 (1995) (same); *State v. Julian,* 129 Ohio App.3d 828, 719 N.E.2d 96, 100 (1998) (same).

Nor does *Vincent v. Seabold,* 226 F.3d 681, 689 (6th Cir.2000) advance Bailey's position. In *Vincent,* it is true, the Court determined that the admission of a statement under Kentucky's statement-against-interest rule violated the Confrontation Clause, and was "contrary to" Supreme Court precedent (*Williamson*), prompting the Court to grant habeas relief under § 2254(d)(1). But *Williamson* was invoked not by way of imposing the Supreme Court's interpretation of Federal Rule 804(b)(3) on the Kentucky court, but rather as guidance in answering the constitutional question of whether the statement admitted bore sufficient "indicia of reliability" to be admitted *without cross-examination* under *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *See Vincent,* 226 F.3d at 688 (determining that second prong of *Roberts* test [sufficient indicia of reliability] must be satisfied, because statement did not fall within firmly rooted exception to hearsay rule). The *Roberts* standard does not apply where, as in this case, the confessing defendant may be cross-examined about his statement. *See Roberts,* 448 U.S. at 66 (requiring adequate "indicia of reliability" where hearsay declarant is *not* present for cross-examination at trial); *Cruz v. New York,* 481 U.S. 186, 190, 107 S.Ct. 1714, 95 L.Ed.2d 162 (stating that the pretrial confession of one co-defendant "is not admissible against the others *unless* the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination") (emphasis added).

For like reasons, the argument that Brown's confession did not have particularized indicia of reliability, *see Lee, supra,* and did not fall within a "firmly rooted hearsay exception," *see Lilly, supra,* is unavailing. As suggested above, where the defendant has the opportunity to cross-examine the hearsay declarant, the truth-producing nature of cross-examina-

tion itself satisfies all reliability concerns and precludes the need to invoke a firmly rooted hearsay exception. *See Green,* 399 U.S. at 158–64.

Bailey, lastly, argues that respondent waived the argument that he had an opportunity to cross-examine Brown by raising it for the first time in objecting to the Magistrate's Report and Recommendation. Yet this argument does not square with the substance of the magistrate's decision. In reality, the magistrate fully addressed the question of whether Bailey was given an opportunity to cross-examine Brown. It was wholly appropriate for the State to argue in its objections to the magistrate's report that Bailey was in fact afforded an opportunity of cross-examination.

### III.

For the foregoing reasons, the district court's judgment is affirmed.