The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Anthony E. AVILA, Defendant–Appellant.

No. 95CA1332.

Colorado Court of Appeals,
Div. IV.

Aug. 7, 1997.

Rehearing Denied Sept. 4, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, James Grimaldi, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Anthony E. Avila, appeals the judgment of conviction entered on a jury verdict finding him guilty of vehicular eluding resulting in the death of another person and vehicular homicide. We affirm.

On August 31, 1994, a high-speed chase of a stolen vehicle by a police car ended when the stolen vehicle veered out of control, struck a number of objects, became airborne, flipped over, and came to rest upside down. Defendant was found pinned beneath the passenger side of the vehicle. The other occupant of the vehicle, who died in the crash, was found behind the driver's seat. A handgun and ammunition were also recovered.

Defendant was charged with multiple offenses, including those at issue here, and he pled not guilty.

At trial, defendant maintained that he was not the driver of the vehicle. Thus, the identification of the driver was the central issue in dispute. Because there was no eyewitness identification evidence available, the resolution of the issue turned on the testimony of accident reconstruction experts. The convictions at issue here resulted.

## I.

■ Defendant first contends that the trial court erred in entering judgment against him because the evidence presented at trial did not support the jury's finding that he was the driver of the vehicle. We disagree.

In reviewing the sufficiency of the evidence, we must give the prosecution the benefit of every reasonable inference which might fairly be drawn from the evidence and defer to the jury's resolution of conflicting evidence. *Kogan v. People*, 756 P.2d 945 (Colo.1988).

Here, the prosecution presented expert testimony as to the way in which the accident occurred. The prosecution's expert witness expressed the opinion that defendant had been the driver and that, as the vehicle rolled, he was ejected through the passenger side of the vehicle. The witness also testified that defendant's companion had been the passenger, but that the force of the crash threw him to the rear of the driver's seat as evidenced, in part, by the location of the companion's right shoe, which was found wedged under the dash on the passenger side and scuff marks attributable to the passenger's clothing on the headliner.

Defendant's expert witness testified that the crash occurred in a somewhat different manner and expressed his opinion that defendant was not the driver. This witness based his opinion on the color of clothing transfers on the passenger door and upon defendant's final position outside the vehicle.

Defendant argues that the testimony of the prosecution's expert was insufficient to convict because of the limited basis for his opinion. In making this argument, defendant focuses on particular facts or pieces of physical evidence that the prosecution witness either emphasized or did not address.

The jury listened to the opinions of two experts who, upon examining the same physical evidence, offered conflicting opinions about who was driving the vehicle. It was within the jury's province as fact-finder to resolve this conflicting evidence and any re-

lated credibility issues relating to the evidence.

Inasmuch as there is competent evidence in the record from which a reasonable juror could find defendant was the driver beyond a reasonable doubt, we will not disturb the verdict. *See Hock v. New York Life Insurance Co.,* 876 P.2d 1242 (Colo.1994).

## II.

Next, defendant contends that the trial court deprived him of due process of law in allowing the prosecution to offer the rebuttal testimony of an expert witness not endorsed or disclosed to defendant prior to trial. We disagree.

Pursuant to Crim. P. 16(II)(c), once the prosecution is apprised of the nature of the defendant's defense and the witnesses he intends to call, the prosecuting attorney "shall notify defense counsel of any additional witnesses which he intends to call to rebut such defense within a reasonable time before trial after their identity becomes known." Also, pursuant to § 16–5–203, C.R.S. (1996 Cum.Supp.), the prosecuting attorney is required to provide the identity of any additional witnesses, beyond the initial list filed with the court, as they become known.

Neither Crim. P. 16(II)(c) nor § 16–5–203 requires the prosecution to endorse rebuttal witnesses. *People v. Hamrick,* 624 P.2d 1333 (Colo.App.1979). Further, the testimony of an unendorsed expert rebuttal witness is admissible when offered solely to impeach the credibility of a defense witness, or in this instance to question the analysis of a defense expert, and not to rebut a defense. *People v. Vollentine,* 643 P.2d 800 (Colo.App.1982).

After the close of defendant's case, the prosecution sought to introduce the testimony of a police officer with expertise in accident reconstruction in rebuttal. The witness answered narrow questions directed at specific aspects of the opinion testimony offered by defendant's expert and the actual basis upon which the opinion was premised. The rebuttal expert was not asked to express his opinion on who was driving the vehicle or any other ultimate issue. His testimony was limited to pointing out weaknesses in the opinion testimony offered by defendant's witness.

The rebuttal witness was first asked to review a diagram produced by defendant's expert and used by him to illustrate his opinion that the vehicle had "tripped" over the curb. The witness was then asked if, in his opinion, the curb could have acted as a tripping mechanism, to which the witness replied in the negative with brief comment.

The rebuttal witness was asked whether he had heard of "non-horizontal forces," a term used by defendant's expert. He was also asked to offer his opinion regarding a theory espoused by defendant's expert that the vehicle had rebounded off a chain link fence because of the elasticity of the fence. Finally, the witness was asked about "right-leading rolls" and "left-leading rolls," terms used by defendant's expert, and whether, in his opinion, such rolls were applicable in this case based upon review of photographs of the scene.

Defendant's cross-examination of the rebuttal witness revealed that the prosecution had first contacted the witness over the lunch hour immediately preceding his testimony. Defendant was given no prior notice that this witness would testify.

There is no evidence in the record to indicate the prosecution intended to call this witness prior to hearing the testimony of defendant's expert. Because the necessity of calling the witness was not known to the prosecution until mid-trial, the prosecution was not required to disclose the identity of the witness any earlier than practicable.

Defendant relies, in part, on *Eckhardt v. People,* 126 Colo. 18, 247 P.2d 673 (1952), in which our supreme court concluded that it was error to permit unendorsed and undisclosed rebuttal witnesses to testify because the testimony of the witnesses went beyond rebuttal by including a complete eyewitness account of the events. Here, however, the testimony did not extend into areas found to be improper in *Eckhardt.*

Therefore, under the circumstances at issue, we conclude the trial court committed no

error in allowing the testimony of the prosecution's rebuttal expert witness without prior disclosure or endorsement.

## III.

Defendant also contends that the trial court erred by admitting into evidence statements made by the prosecuting attorney during cross-examination of defendant's expert and during closing argument that amounted to misconduct and violated his right of due process. We disagree.

■ Defendant did not object to the remarks in either instance. Therefore, we review the statements under a plain error standard, and thus will reverse only, if after review of the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *See People v. Wilson*, 838 P.2d 284 (Colo.1992).

■ Prosecutorial misconduct rises to the level of plain error only if it is "flagrantly, glaringly, or tremendously improper." *People v. Vialpando*, 804 P.2d 219, 224 (Colo. App.1990).

■ Defendant first argues the following questions posed to defendant's expert constituted misconduct:

Q: Certainly you were hired in this case to basically establish that [defendant] was the passenger in this car; isn't that right?

A: No, that's not correct.

Q: No?

A: No, that's not correct.

Q: When you indicated you work at the request of the client, that wasn't his request?

A: No, that's not correct.

Defendant argues, relying on *People v. Jones*, 832 P.2d 1036 (Colo.App.1991), that this questioning of the witness was improper because it insinuated that the defense was undertaken in bad faith.

In *Jones*, however, the prosecutor engaged in misconduct when he made remarks directed at denigrating defense counsel and her preparation, and implying that defense counsel knew the true facts of the case and should concede the accuracy of the prosecution's evidence. There, the court concluded the remarks were improper because they erroneously diverted the jury's attention away from the factual issues in the case.

Here, the questions were an attempt, though perhaps an unartful one, to show bias in a manner similar to cross-examination of an expert witness regarding his fees. Hence, we conclude that allowing the questioning was not plain error.

Defendant also argues the following remarks made by the prosecuting attorney during closing argument constituted misconduct:

Only—the only thing I'm trying to emphasize here is there is virtually no credibility or credence to be given to [defendant's expert's] version of what he thinks happened.

Remember also the instruction I told you about that instructs you what credibility you're to give to a witness. Remember he is bought and paid for by them. He's their witness. Do you think that if his conclusions would have been the same as [the prosecution's expert] he would have testified?

■ A reviewing court should examine alleged improper argument in the context of the prosecution's closing argument as a whole. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981). The fact that defendant did not object to the remarks may indicate his belief that the live argument was not overly damaging. *People v. Rodriguez*, 794 P.2d 965 (Colo.1990). Prosecutorial misconduct on closing argument is rarely so egregious as to constitute plain error. *People v. Sepeda*, 196 Colo. 13, 581 P.2d 723 (1978).

■ Again, to insinuate that defendant had "bought" an expert to testify in his favor might well be an extreme and inappropriate comment; however, we conclude the trial court's failure to strike the remarks did not so undermine the fundamental fairness of the trial as to require reversal.

## IV.

█ Finally, we reject defendant's contention that reckless vehicular homicide is a lesser included offense that merges into the offense of vehicular eluding.

Our supreme court recently confirmed that the issue of whether offenses merge is to be resolved using the "statutory or strict elements test" in which:

one offense is a lesser included of another offense when all of the essential elements of the lesser offense comprise a subset of the essential elements of the greater offense, such that it is impossible to commit the greater offense without also committing the lesser.

*People v. Garcia,* 940 P.2d 357, 360 (Colo. 1997).

Section 18–9–116.5, C.R.S. (1996 Cum. Supp.) sets out the elements of the crime of vehicular eluding as follows:

Any person who, while operating a motor vehicle, knowingly eludes or attempts to elude a peace officer also operating a motor vehicle, and who knows or reasonably should know that he is being pursued by said peace officer, and who operates his vehicle in a reckless manner, creating a substantial risk of bodily injury to another person, commits vehicular eluding.

Section 18–9–116.5 further provides that vehicular eluding, which is otherwise a class 4 felony, is a class 3 felony if it results in the death of another person.

Section 18–3–106(1)(a), C.R.S. (1996 Cum. Supp.) sets out the elements of the crime of reckless vehicular homicide, a class 4 felony, as follows:

If a person operates or drives a motor vehicle in a reckless manner, and such conduct is the proximate cause of the death of another, such person commits vehicular homicide.

The portion of the reckless vehicular eluding statute requiring proof that the eluding resulted in the death of another person is a sentence enhancing provision and, therefore, is not an essential element of the offense charged for purposes of merger. *Armintrout v. People,* 864 P.2d 576 (Colo.1993).

In *Armintrout,* our supreme court explained that a statutory factor is a sentence enhancer when, absent proof of that factor, the defendant can still be convicted of the underlying offense. The *Armintrout* court discussed as an example, *People v. Powell,* 716 P.2d 1096 (Colo.1986), a case in which the defendant was charged under the second degree kidnapping statute with a class 2 felony, which requires proof that the victim was sexually assaulted. The court in *Armintrout* explained that the sexual assault factor was a sentence enhancing provision because a conviction under the second degree kidnapping statute did not depend upon proof of a sexual assault. Therefore, the defendant could be separately convicted of both second degree kidnapping and sexual assault.

Likewise, here, since the offense of vehicular eluding does not require proof of a resulting death, the "death of another person" factor in the vehicular eluding statute is a sentence enhancer. Vehicular homicide, on the contrary, does require proof of the resulting death as an essential element of the crime. Therefore, the essential elements of the crimes of vehicular eluding and vehicular homicide are not identical, and convictions of both offenses do not merge.

Judgment affirmed.

JONES and KAPELKE, JJ., concur.