24CA1458 Peo v Duran 02-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1458
Douglas County District Court No. 23CR488
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Louis Salomon Duran,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Belzer Law, Aaron B. Belzer, Ashlee N. Hoffmann, Boulder, Colorado, for
Defendant-Appellant

¶ 1      Defendant, Louis Salomon Duran, appeals his conviction of felony driving under the influence with three or more prior offenses (DUI).  We affirm.

## I.      Background

¶ 2      One night, while at a sports bar, Duran got into a heated argument with a group of patrons.  Tensions between the group and Duran began approximately an hour before the argument, when the group observed Duran behaving inappropriately with other women.  One of the patrons eventually approached Duran to confront him.  The argument turned physical, resulting in other bar patrons having to separate Duran from the group.

¶ 3      Duran was told to leave the bar, and he ran to the parking lot.  He retrieved a gun from his car and pointed it at the group as they left the parking lot approximately a minute later.  The group continued their argument in the parking lot until Duran got in his car and left.  One of the patrons called the police as Duran drove away.  They provided a detailed description of Duran's car, including its license plate number.  Police officers located Duran in a nearby neighborhood.

¶ 4	When officers apprehended Duran, they noticed that he was unsteady on his feet and smelled of alcohol.  After declining a field sobriety test, Duran was transported to the hospital for the injuries he sustained during the brawl, and while there, he consented to a blood test.  The test revealed his blood alcohol content (BAC) was 0.134.

¶ 5	The State charged Duran with one count of felony DUI, five counts of menacing, five counts of prohibited use of a weapon (aiming), and one count of prohibited use of a weapon while under the influence.  During the jury's deliberations, it became apparent that the jury was struggling to resolve the menacing and weapon charges.  The prosecution and Duran reached an agreement whereby Duran pleaded guilty to prohibited use of a weapon under section 18-12-106(1)(d), C.R.S. 2025, and the prosecution dismissed the menacing and remaining prohibited use of a weapon charges.  The jury then found Duran guilty of felony DUI.

¶ 6	On appeal, Duran argues that his motions for mistrial should have been granted and that the prosecutor's misconduct throughout the trial cumulatively warrants reversal.  We are not persuaded.

## II.     Motions for Mistrial

### A.     Additional Facts

¶ 7     During direct examination, one of the patrons involved in the bar fight testified that before the physical altercation, he was "concerned" with Duran's behavior toward his group of friends and toward other women in the bar. The prosecutor asked the patron what was concerning, and the patron responded, "There was [sic] two girls specifically he was groping and sexually assaulting at the bar top." Defense counsel objected and, out of the jury's presence, moved for a mistrial. The prosecutor responded that the patron's testimony was relevant because it rebutted Duran's theory that he had been unreasonably confronted by the other patrons. The trial court denied Duran's motion for mistrial, but it found that the patron's testimony created prejudice that outweighed its probative value. The court then instructed the jury to disregard the testimony.

¶ 8     During cross-examination, defense counsel asked the patron how much he had been drinking. The patron replied: "I had been — I had just ordered my first beer. And then that's when my female friends brought over the girl that he was groping at the bar."

¶ 9    Defense counsel asked to approach the bench and again moved for a mistrial. The court agreed that the statement by the patron was improper and deferred ruling on the motion until the parties could present argument outside of the presence of the jury. After the jury was dismissed for the day, defense counsel again argued that a mistrial was necessary because the testimony constituted bad character evidence of which the prosecutor had failed to give proper notice under CRE 404(b). The prosecutor disagreed and argued that a curative instruction would remedy any prejudice that had occurred. The prosecutor also argued that the patron's statement was not subject to CRE 404(b) because it was intrinsic to the menacing and weapon charges and otherwise relevant given the fact that defense counsel told the jury during opening statements that the bar patrons had attacked Duran without any reason.

¶ 10    The trial court took the issue under advisement, and the following morning it denied the second motion for mistrial. The court reasoned that although the testimony about Duran's alleged sexual assault was highly prejudicial, the evidence was intrinsic because it was directly related and relevant to Duran's claim of self-

4

defense. The court reasoned that it "explained why people would have approached [Duran] at the bar in an aggressive fashion" and would "go to the reasonableness of [Duran's] response and the threat that he may have perceived from these individuals." The court went on to note that the patron could have properly testified to seeing "inappropriate behavior" from Duran toward women at the bar. The trial court concluded by finding that the prosecutor had not committed any misconduct in eliciting the patron's testimony and that any prejudice that had occurred could be properly cured by an instruction to disregard the improper testimony.

### B. Standard of Review and Applicable Law

¶ 11 We review the denial of a motion for a mistrial for an abuse of discretion. *People v. Johnson*, 2017 COA 11, ¶ 39. "A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on an erroneous understanding or application of the law." *Id.* A mistrial is a drastic remedy and is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Ned*, 923 P.2d 271, 274 (Colo. App. 1996).

¶ 12    "In order to be admissible, evidence must be relevant; and unless otherwise provided by constitution, statute, or rule, all relevant evidence is admissible." *People v. Rath*, 44 P.3d 1033, 1038 (Colo. 2002).  And "[e]vidence is relevant, in the logical sense, as long as it . . . '[tends] to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting CRE 401).

¶ 13    "Colorado Rule of Evidence 403 strongly favors the admission of relevant evidence, so the evidence should be given its maximum probative value and minimum prejudicial effect.  Evidence is unfairly prejudicial where it introduces into the trial considerations extraneous to the merits, such as bias, sympathy, anger, or shock." *People v. Greenlee*, 200 P.3d 363, 367 (Colo. 2009) (citation omitted), *abrogated by*, *Rojas v. People*, 2022 CO 8, ¶ 4; *see People v. Robinson*, 908 P.2d 1152, 1156 (Colo. App. 1995), *aff'd*, 927 P.2d 381 (Colo. 1996).  "The trial court has considerable discretion to determine the relevancy, admissibility, probative value, and prejudicial impact of evidence." *People v. Cordova*, 293 P.3d 114, 118 (Colo. App. 2011).

## C. Analysis

¶ 14 We conclude that the court did not abuse its discretion in denying Duran's motions for mistrial, for two reasons. First, although, as acknowledged by the court, the patron's testimony was prejudicial, the court cured any error on both occasions by instructing the jury to disregard the testimony orally and in writing. "[A] curative instruction is generally sufficient to overcome an evidentiary error, and an instruction is inadequate only when evidence is so prejudicial that, but for its exposure, the jury might not have found the defendant guilty." *People v. Gillespie*, 767 P.2d 778, 780 (Colo. App. 1988) (citing *Vigil v. People*, 731 P.2d 713 (Colo. 1987)). Moreover, we are not convinced that the court's second limiting instruction, given the day following the prejudicial statement, was "vague and indefinite" because it specifically directed the jury to the witness's opinion of Duran's actions at the bar given the previous day and instructed the jury to disregard it. We presume that the jury understood and followed the court's instructions. *People v. Reed*, 2013 COA 113, ¶ 28.

¶ 15 Second, despite the prejudicial nature of the statement, we discern no prejudice flowing from the error because the evidence

7

related only to the menacing and prohibited use of weapons charges, which were dismissed (or pleaded guilty to) before the verdict and were tangential to the felony DUI contested on appeal. The record shows that during deliberations, the jury struggled with these charges and the evidence related to them, resulting in a mid-deliberations plea agreement. In our view, this demonstrates that the jury heeded the court's limiting instruction. *See People v. Abdulla*, 2020 COA 109M, ¶ 58 ("[W]e employ the presumption that the jury understands and applies the given instructions unless a contrary showing is made . . . ."). And while Duran contends that the prejudice extended to the felony DUI, we reject his assertion that the evidence on that charge was not overwhelming. In light of the BAC evidence and the officers' observations of intoxication at the time of Duran's arrest, we discern no abuse of discretion in the court's decision to deny Duran's mistrial motions. *See* C.A.R. 35(c) (the appellate court may disregard any error or defect not affecting the substantial rights of the parties); *Leiting v. Mutha*, 58 P.3d 1049, 1053–54 (Colo. App. 2002) (proper inquiry in deciding a harmless error question is whether the error substantially influenced the verdict or affected the fairness of the trial).

8

### III.        Prosecutorial Misconduct

¶ 16     Duran next contends that the prosecutor committed reversible misconduct by failing to notify Duran of her intent to introduce CRE 404(b) evidence and by making allegedly improper statements throughout the trial.  We disagree.

### A.        Additional Facts

¶ 17     During opening statements, the prosecutor informed the jurors that they would hear from a man who was "worried about what Mr. Duran [was] doing [in the] bar" that night.  She argued, without objection, that the witness was "concerned about some approaches [Duran] made to some other women" and that the witness and the other patrons were "just generally worried."

¶ 18     Then, during closing argument, the prosecutor argued:

> Driving under the influence means someone is substantially capable of exercising clear judgment.  Is [Duran] substantially capable of exercising clear judgment?  A hundred percent.  He pulls a gun on people.  He doesn't call 911.

Defense counsel objected, stating the argument was improper, and the court overruled the objection.  The prosecutor continued,

"[Duran] pulls a gun on people and then he drives 12 miles away while he's drunk. Yes. [Duran] is absolutely under the influence."

¶ 19   Later, the prosecutor asked the jury to hold Duran accountable and argued, "Your common sense will tell you, after you consider all of the evidence, that what makes sense is not that Mr. Duran was randomly attacked." She then told the jury, "Only you can hold the guilty accountable," and she repeated that "[Duran] is guilty of each and every count, and you should find him so." Defense counsel objected, and the court overruled the objection.

¶ 20   Finally, in rebuttal closing, the prosecutor argued, without objection:

> What [defense counsel] just came up here and told you would be great, except it's not what the evidence shows. You got an instruction from the judge that it is your job, and only job, to determine the credibility of the evidence. To determine whose story to believe.
>
> [Duran's] story is just blatantly false. It's just false. Beyond a reasonable doubt means a reasonable doubt that's not something vague, speculative or imaginary. And every single thing [defense counsel] just told you to base your decision upon is vague, speculative, imaginary.

10

He says well, the video isn't in its original format. . . . They didn't get the video from the other end of the building . . . . He's asking you to imagine what other folks might have said. He's asking you to imagine that the video from the other end of the building, the video from other businesses would have showed something different.

### B. Standard of Review and Applicable Law

¶ 21 When reviewing a claim of prosecutorial misconduct, "we consider whether the prosecutor's conduct was improper and whether any impropriety requires reversal." *People v. Walker*, 2022 COA 15, ¶ 27. "Whether a prosecutor's statements constitute misconduct is generally a matter left to the trial court's discretion." *Domingo-Gomez v. People*, 125 P.3d 1043, 1049 (Colo. 2005).

¶ 22 The parties agree that some, but not all, of Duran's claims for prosecutorial misconduct are preserved for appeal. While Duran's preserved claims are governed by the harmless error standard, we review his unpreserved claims for plain error. *See Wend v. People*, 235 P.3d 1089, 1097 (Colo. 2010); *People v. Licona-Ortega*, 2022 COA 27, ¶ 86. For prosecutorial misconduct to constitute plain error, the conduct must be "flagrantly, glaringly, or tremendously improper" and "so undermine[] the fundamental fairness of the trial

11

itself as to cast serious doubt on the reliability of the jury's verdict." *Domingo-Gomez*, 125 P.3d at 1053 (quoting *People v. Avila*, 944 P.2d 673, 676 (Colo. App. 1997)).

¶ 23     In analyzing a prosecutorial misconduct claim, the reviewing court must determine (1) whether the prosecutor's questionable conduct was improper based on the totality of the circumstances, and (2) whether such actions warrant reversal according to the proper standard of review. *Wend*, 235 P.3d at 1096. A prosecutor has wide latitude to make arguments based on facts in evidence and reasonable inferences drawn from those facts. *People v. Maloy*, 2020 COA 71, ¶ 61.

## C. Analysis

¶ 24     We begin with Duran's contention that the prosecution should have provided notice, under CRE 404(b), of its intent to introduce the bar patron's prejudicial statement and should not have argued these circumstances in closing. While the trial court found this evidence "intrinsic," we need not resolve whether it was intrinsic or subject to CRE 404(b) because the court agreed with the defense that it was inadmissible. And for the reasons set forth in Part II, we discern no prejudice flowing from the prejudicial information due to

the court's limiting instructions. To the extent Duran argues that the prosecutor committed misconduct by arguing the patrons were "concerned" with his behavior in the bar, the court had already determined pretrial that the concerning circumstances were relevant to the weapons charges and self-defense, and because the prosecutor never argued that Duran sexually assaulted women, we discern no misconduct.

¶ 25    Next, we reject Duran's assertion that misconduct occurred in the prosecutor's opening statement. She properly told the jury that it would hear that Duran's concerning behaviors toward others prompted the altercation leading to the charges in the case. The description of Duran's behavior as "concerning," without more, did not inject prejudice or improperly imply bad character. We note that the statement drew no defense objection. *See Domingo-Gomez*, 125 P.3d at 1054.

¶ 26    Next, we discern no misconduct in the prosecutor's closing argument asking the jury to hold Duran accountable and find him guilty. Unlike the cases on which Duran relies, the argument here was confined to the evidence presented and did not ask the jury to hold him accountable for the broader consequences of his crimes,

*see People v. Tibbels*, 2019 COA 175, ¶ 20, *rev'd on other grounds*, 2022 CO 1, or otherwise misstate the evidence, *see People v. Carian*, 2017 COA 106, ¶ 57.

¶ 27    We next conclude there was no misconduct in the prosecutor's argument that the circumstances at the bar showed that Duran was intoxicated.  We agree the prosecutor misspoke when arguing that driving under the influence means someone is substantially *capable* of exercising clear judgment.  But the behavior she described was rooted in the evidence, and the jury received a written jury instruction properly stating that being under the influence means one is substantially *incapable* of exercising judgment.  Moreover, Duran never argued that he called 911, nor did he contest the facts that he pointed a gun at the patrons before driving away.  Therefore, we discern no prejudice flowing from this misstatement.

¶ 28    Finally, we agree with Duran that the prosecutor's arguments that Duran's story was "blatantly false" and "it's just false" constitute obvious misconduct.  Indeed, it is well-settled law that prosecutors may not accuse defendants of having "lied."  *People v. McBride*, 228 P.3d 216, 221 (Colo. App. 2009).  And while the

prosecutor here did not expressly use the word "lie," we discern no meaningful distinction between the words "lie" and "blatantly false." *See Crider v. People*, 186 P.3d 39, 41 (Colo. 2008) ("[I]t is improper for a lawyer to use any form of the word 'lie' in characterizing for a jury a witness's testimony or his truthfulness."); *see also People v. Bobian*, 2019 COA 183, ¶ 32 (prosecutors may not "express a personal opinion on the truth or falsity of witness testimony"). Nevertheless, because we must consider this error in the context of the argument as a whole and in light of the evidence before the jury, *People v. Samson*, 2012 COA 167, ¶ 30, we conclude it does not constitute plain error, for three reasons.

¶ 29   First, the argument drew no objection from defense counsel despite its obviousness, which shows it had little prejudicial impact in the moment. *See Domingo-Gomez*, 125 P.3d at 1054 ("The lack of an objection may demonstrate the defense counsel's belief that the live argument, despite its appearance in a cold record, was not overly damaging." (citation omitted)).  Second, the statement was made once and was not repeated numerous times. *See People v. Abbott*, 690 P.2d 1263, 1269 (Colo. 1984) ("[T]he mere reference to an accused's past criminal act is not per se prejudicial, requiring a

15

new trial."); *see also People v. Krueger*, 2012 COA 80, ¶ 73 (holding that a witness's brief reference to having met the defendant in jail was not prejudicial enough to warrant a mistrial). Finally, the defense's self-defense theory, to which the argument was directed, applied only to the menacing and prohibited use of weapon charges, not the felony DUI that is being appealed here. Therefore, when viewed in the context of the entire argument, we conclude that the improper argument did not substantially influence the fairness of the trial or cast doubt on Duran's judgment of conviction for felony DUI.

¶ 30     In the alternative, Duran asks us to find the cumulative effect of the alleged misconduct warrants reversal. "The doctrine of cumulative error is based on the notion that multiple errors, in isolation, may be viewed as harmless, but the synergistic effect of the multiple errors may be so prejudicial that they deprive a defendant of a fair trial." *People v. Serna-Lopez,* 2023 COA 21, ¶ 47. "Stated simply, cumulative error involves cumulative prejudice." *Howard-Walker v. People*, 2019 CO 69, ¶ 25. We have identified only one error that occurred during closing argument. Because that error did not substantially affect the outcome of this case, we

conclude there was no cumulative error. *See People v. Villa*, 240 P.3d 343, 359 (Colo. App. 2009) (cumulative error analysis is required only when multiple errors have been identified).

## IV.     Disposition

¶ 31    The judgment is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.